

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 12 2007 ★

BROOKLYN OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA BRESSMER, on behalf of herself and all others similarly situated,<br><br>Plaintiff.<br><br>v.<br><br>DELTA FINANCIAL CORPORATION, DELTA FUNDING CORPORATION and FIDELITY MORTGAGE,<br><br>Defendants. | CV 07 5183<br><br>Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>WEXLER, J<br><br>TOMLINSON, M.J. |

Plaintiff LAURA BRESSMER ("Plaintiff") alleges on her behalf and the class of those similarly situated as follows:

### NATURE OF THE ACTION

1. The Plaintiff brings this action on behalf of herself, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendants on or about August 22, 2007 and November 8, 2007, and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et. seq.

2. Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendants. Although the Plaintiff was on the payroll of Delta Funding Corporation, the Defendants were a "single employer" under the WARN Act. As such, each of the Defendants are liable under the WARN Act for Defendants'

failure to provide Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

4. The violation of the WARN Act alleged herein occurred in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6. Plaintiff, Laura Bressmer was employed by Defendants as a "single employer" and worked at the Defendants' corporate headquarters located at 1000 Woodbury Road, Suite 200, Woodbury, New York (the "Woodbury Facility") until her termination on or about August 22, 2007.

### *Defendants*

7. Upon information and belief at all relevant times, Defendants, as a single employer, maintained and operated their corporate headquarters at the Woodbury Facility and maintained and operated additional facilities, as that term is defined by the WARN Act, throughout the United States (collectively the "Facilities").

8. Upon information and belief and at all relevant times, Defendant Delta Financial Corporation was a Delaware corporation with its principal place of business located at 1000 Woodbury Road, Woodbury, New York and conducted business in this district.

2

9. Upon information and belief and at all relevant times, Defendant Delta Funding Corporation, a wholly owned subsidiary of Delta Financial Corporation, was a Delaware corporation with its principal place of business located at 1000 Woodbury Road, Woodbury, New York and conducted business in this district.

10. Upon information and belief and at all relevant times, Defendant Fidelity Mortgage, a wholly owned subsidiary of Delta Financial Corporation, was a Delaware corporation with its principal place of business located at 1000 Woodbury, Woodbury, New York and conducted business in this district.

11. Upon information and belief, Defendants, as a single employer, owned and operated the Woodbury Facility and other facilities, until on or about December 6, 2007 when it closed its doors.

12. Until 2007, the Plaintiff and the other similarly situated former employees were employed by Defendants and worked at or reported to one of the Facilities.

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

13. Plaintiff brings this action on her own behalf and on behalf of all other similarly situated former employees of Defendants who worked at or reported to one of the Facilities and were terminated without cause on or about August 22, 2007 and November 8, 2007, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on those dates, pursuant to 29 U.S.C. § 2104(a)(5).

14. On or about August 22, 2007 and November 8, 2007, Defendants, as a single employer, ordered mass layoffs and/or a plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were required to provide 60 days advance written notice under the WARN Act to their employees.

15. At or about the time of the aforementioned terminations, Defendants terminated approximately 700 other similarly situated employees at the Facilities (the "other similarly situated former employees").

16. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this action on behalf of herself and on behalf of each of the other similarly situated former employees.

17. Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

18. The Plaintiff and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

19. Defendants were required by the WARN Act to give the Plaintiff and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

20. Prior to their termination, neither the Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

21. Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

## CLASS ALLEGATIONS, F.R.C.P. 23

22.     Plaintiff sues under the Federal Rules of Civil Procedure, 23(a) and (b), on behalf of herself and a class of persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about August 22, 2007 and November 8, 2007, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about August 22, 2007 and November 8, 2007, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

23.     The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

24.     On information and belief, the identity of the members and their recent residence address of each of the Class Members is contained in the books and records of Defendants.

25.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination

26.     There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

27.     The claims of the representative party are typical of the claims of the Class.

28.     The representative party will fairly and adequately protect the interests of the Class.

29.     The Plaintiff has retained counsel competent, experienced in complex class action employment litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

31. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will avoid multiplicity of suits, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

32. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) whether the Class Members were employees of Defendants who worked at or reported to Defendants' Facilities;

    (b) whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

    (c) whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act.

## **CLAIM FOR RELIEF**

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

6

35. At all relevant times, each Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

36. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

37. The Defendants constituted a "single employer" of the Plaintiff and the Class Members the WARN Act in that, among other things:

 (a) The Defendants shared common ownership;

 (b) The Defendants shared common officers and directors;

 (c) All of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class members, including the decision to order the mass layoff or plant closing at the Facilities;

 (d) There was a unity of personnel policies emanating from a common source between Defendants; and

 (e) There was a dependency of operations between Defendants.

38. On or about August 22, 2007 and November 8, 2007, the Defendants ordered mass layoffs and/or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

39. The mass layoffs and/or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

40. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

41. The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

42. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

43. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

44. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

45. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants, jointly and severally:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay,

accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4).

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G. Such other and further relief as this Court may deem just and proper.

Dated:  December 12, 2007

Respectfully submitted,

By: _____
Adam T. Klein
Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

Paul J. Lukas (pro hac vice motion forthcoming)
Donald H. Nichols (pro hac vice motion forthcoming)
Matthew C. Helland (pro hac vice motion forthcoming)
**Nichols Kaster & Anderson PLLP**
80 South Eighth Street, Suite 4600
Minneapolis, MN  55402-2242
Telephone: (877) 448-0492

*Attorneys for Plaintiff and the putative Class*

9